## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN JOSEPH McDONALD, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-19-209-SLP |
| SCOTT CROW, | ) |
| Respondent.[1] | ) |

## O R D E R

Petitioner John Joseph McDonald, a state prisoner appearing pro se, filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254. Respondent filed a response and Petitioner filed a reply. *See* Resp., Doc. No. 15; Reply, Doc. No. 17. Before the Court is the Report and Recommendation [Doc. No. 20] ("R. & R.") issued by U.S. Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1). Judge Mitchell recommends the § 2254 Petition be denied. Specifically, Judge Mitchell determined that Petitioner's first proposition for relief—"Petitioner plead[ed] not guilty and was sentenced without pleading guilty or being tried in violation of his Fourteenth Amendment cons[titutional] rights"—and his third proposition for relief—that his "trial counsel was ineffective for not advocating at the plea hearing that Petitioner was not capable of entering a guilty plea due to his mental health status"—were not exhausted in state court and are barred by the doctrine of anticipatory procedural default, and that none of the exceptions

---

[1] Mr. Crow, the interim director of the Oklahoma Department of Corrections, is substituted for the respondents listed by Petitioner in his Petition for the reasons explained by Judge Mitchell. *See* R. & R. 1 n.1, Doc. No. 20; Fed. R. Civ. P. 25(d).

to such doctrine apply. Pet. 3, 9, Doc. No. 1 (emphasis omitted). Judge Mitchell also concluded that Petitioner's second proposition for relief—that the "trial court abused its discretion when good faith showed reason for [Petitioner]'s mental health concern[ and the] trial court did not sua sponte order mental health hearing"—failed because Petitioner has not established that a reasonable judge should have had a bona fide doubt as to his competency to enter a guilty plea. *Id.* at 7 (emphasis omitted).

Petitioner timely filed an Objection [Doc. No. 21] to the R. & R. The Court reviews de novo those portions of the R. & R. to which Petitioner has made specific objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Upon such review, the Court fully concurs with the analysis set forth in the comprehensive and well-reasoned R. & R. issued by Judge Mitchell, which addresses all of the arguments included in Petitioner's Objection.[2] All told, nothing included by Petitioner in his Objection (or in his Petition or reply brief) leads the Court to find any error on its de novo review of the recommended disposition included in the R. & R. Accordingly, Petitioner's § 2254 Petition will be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 20] is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus [Doc. No. 1] filed pursuant to 28 U.S.C. § 2254 is DENIED.

---

[2] Petitioner asserts that the state trial court was required to (but did not) follow the procedure for determining one's competency to plead guilty included in *King v. State*, 553 P.2d 529 (Okla. Crim. App. 1976). Habeas relief requires that the action complained of have been "contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States. . . ." 28 U.S.C. § 2254(d) (emphasis added). Judge Mitchell applied the correct standard and proceeded through the correct analysis regarding Petitioner's procedural competency claim. *See* R. & R. 10-15, Doc. No. 20 (applying *Lay v. Royal*, 860 F.3d 1307 (10th Cir. 2017)).

A separate judgment will be entered contemporaneous to this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability ("COA") is DENIED. When a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) (treating decision regarding exhaustion as a procedural ruling for purposes of the COA standard). Where a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his[] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not made either showing. Therefore, a COA is denied. This denial shall be included in the judgment.

IT IS SO ORDERED this 21st day of November, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE